FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2015 DEC 21 AM 10: 38

CLERK____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| ROBERT NEVILLE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ELIZABETH C. MCCAGHREN, )<br>)<br>Defendant. ) | Case No. CV615-028 |

## ORDER

Proceeding *pro se*, Robert Neville asserts a bevy of state law claims against his sister, Elizabeth McCaghren, related to her disposition of their mother's estate. Docs. 1, 10. Unable to discern whether it possessed subject matter jurisdiction over this case, the Court ordered Neville to amend his Complaint to include the citizenship of the parties and clarify his claims. *See* doc. 7. He complied. Doc. 10.

From the amended Complaint's new allegations, it appears diversity jurisdiction exists.[1] Neville states that he is a resident of Florida, though he lacks a "stable residence and [] receives mail at the

---

[1] Under 28 U.S.C. § 1332(a), district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different states."

address" (in Gainesville, Florida) used in his Complaint. Doc. 10 at 1. McCaghren, he says, "is a resident of two 'cabins' in a ski resort near Mars Hill, North Carolina." *Id.* Because the value of the real property (located in Bulloch County, Georgia, within the Southern District) at issue far exceeds $75,000 ($14.9 million, according to Neville), the Court finds the requirements of diversity jurisdiction satisfied. *See* 28 U.S.C. § 1332(a).

The Court's previous Order also questioned whether the substance of Neville's claims triggered the probate exception to diversity jurisdiction. *See* doc. 7 at 4; *Marshall v. Marshall*, 547 U.S. 293, 311 (2006) (a federal "court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court.") (quoting *Markham v. Allen*, 326 U.S. 490, 494 (1946)). As expected, that exception does not apply here because deciding Neville's claims will not require the Court to "interfere with . . . probate proceedings." *Marshall*, 547 U.S. at 311 (emphasis omitted). This case, though tangentially involving distribution of estate assets, sounds in fraud[2] and will not

---

[2] Neville asserts claims for "gross negligence," "breach of fiduciary duty," "simple negligence," embezzlement," "exploitation of the elderly," and "tolling the statute of limitations." Doc. 10 at 4-6.

2

require this Court to "assume *in rem* jurisdiction over the same *res*" as a state court. *Id.*

With jurisdiction satisfied, the Court greenlights this case. Hence, the defendant will have to be served with process. To that end, the Court will implement the service procedure deployed in *Newton v. Food Lion, LLC*, CV415-153 doc. 10 (S.D. Ga. Dec 9, 2015) and *Simmons v. Five Star Quality Care, Inc.*, CV414-203, 2014 WL 6603759 at * 4 (S.D. Ga. Nov. 19, 2014), *adopted*, 2015 WL 307003 (S.D. Ga. Jan. 23, 2015).

That process unfolds in stages. Since the Court has authorized IFP status for Neville, Rule 4 service must be made by the United States Marshals Service. Fed. R. Civ. P. 4(c)(3) (the court "must" order that service be made by the Marshal "if the plaintiff is authorized to proceed [IFP]"). But the Marshal needs to know where to serve the defendant, and that information must come from the plaintiff. Hence, these preliminary steps are required: The Clerk shall send to plaintiff a USM 285 form and a summons form. Within *twenty-one days* of that mailing, plaintiff must *accurately* complete both forms[3] and return them to the Clerk, who will then forward a copy of each to the defendant. The Clerk

---

[3] Both forms require the plaintiff to list the defendant's name and proper address.

is instructed to notify the undersigned if plaintiff fails to comply. Should plaintiff fail to comply, this action may be dismissed for failure to obey a Court order. Local Rule 41.1.

Should that phase of the Rule 4 service cycle be completed, the Clerk will prepare a service waiver package for the defendant. Rule 4(d)(1). That package must include: a Rule 4 Notice of Lawsuit and Request to Waive Service of Summons[4] (prepared by the Clerk); two copies of the Waiver of the Service of Summons form (prepared by the Clerk); an envelope addressed to the Clerk of Court with adequate first class postage for use by the defendant for return of the waiver form; one (1) copy of the Complaint; and one (1) copy of this Order. The Clerk shall retain and docket the original USM 285 forms and the summons returned by the plaintiff. *See Dunn v. Fed. Express*, 2014 WL 1028949 at * 3 (N.D. Ga. Mar. 14, 2014).

Next, the Clerk shall mail the service waiver package to the defendant. The defendant is under a duty to avoid unnecessary costs of personally serving the summons. If she fails to comply with the mailed request for waiver of service, she must bear the costs of personal service

---

[4] The Clerk also shall complete the lower portion of the AO 398 Notice of Lawsuit and Request for Waiver form by printing plaintiff's name and also his address data.

unless good cause can be shown for failure to return the Waiver of Service form. Should McCaghren fail to waive service within sixty (60) days following the date the service waiver package was mailed (the Clerk shall docket that act), the Clerk will prepare and transmit to the Marshal a service package. The service package must include the fully completed USM 285 form, the summons, and one (1) copy of the Complaint, plus a copy of this Order. The Marshal will then promptly serve the defendant. The executed waiver form or the completed USM 285 form shall be filed with the Clerk. *See Dunn*, 2014 WL 1028949 at * 2-3.

Once Neville's Complaint is served upon the defendant, he must then serve her (through her counsel, if she is represented) a copy of every additional pleading or other document which he files with the Court. *See* Fed. R. Civ. P. 5. He also shall include with each paper so filed a certificate stating the date on which he mailed an accurate copy of that paper to the defendant or her counsel. This Court will disregard any papers submitted which have not been properly filed with the Clerk or which do not include a certificate of service.

Finally, plaintiff also must keep the Court and defendant advised of his current address at all times during the pendency of this action.

Failure to do so may result in dismissal of his Complaint. Neville also must litigate his case, conduct and respond to any discovery, and comply with both the Federal Rules of Civil Procedure and this Court's Local Rules, which are available online: http://www.gasd.uscourts.gov/lr/lr1.htm.

Because the Court is implementing the service process outlined above, Neville's motion for service by certified mail (doc. 3) and motion for summons (doc. 16) are **DENIED AS MOOT**. And because discovery has yet to commence, his motion to deem admitted discovery requests he allegedly sent to McCaghren (doc. 8) is **DENIED** as premature.

**SO ORDERED** this 31st day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA